**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LORRAINE KENTER, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | (JURY TRIAL DEMANDED) |
| MASTERCARD INC., | |
| Defendant. | |

Plaintiff Lorraine Kenter, individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## INTRODUCTION

1.      Unsatisfied with interchange fee revenue alone, Defendant Mastercard Inc. ("Mastercard") sold, rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses (as well as age, gender, religion, and purchase-related data, and information pertaining to their use of MasterCard cards to make purchases (hereinafter, "Personal Identifying Transactional Data")) on the open market to data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties interested in purchasing them.  Prior to monetizing Plaintiff's and its other customers' Personal Identifying Transactional Data in this way, Mastercard did not ask for, much less obtain, consent from any of these individuals.

2.      Documented evidence confirms these facts.  For example, Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), and during the time

periods relevant to this action, sold and rented to various parties the mailing list titled

"MASTERCARD® AUDIENCES Mailing List," which contains the names, addresses, and other

Personal Identifying Transactional Data of all individuals who used MasterCard cards to make

purchases (including the types of purchases made), including Plaintiff and each member of the

Class, at a base price of "$110.00/M [per thousand]," (*i.e.*, 11.0 cents apiece), as shown in pertinent

part in the screenshot below from list broker NextMark, Inc.'s website:



*See* **Exhibit A** hereto.

3.        South Dakota's Right of Publicity Law clearly prohibits what Mastercard has done.

*See* S.D. CODIFIED LAWS §21-64-1, *et seq.* (the "SDRPL").   Generally speaking, the SDRPL

prohibits using a person's name or likeness on or in connection with a product, good, piece of

merchandise, or a service without the person's prior consent.  Mastercard directly violated the SDRPL by selling and renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other South Dakota customers' names, addresses, and other Personal Identifying Transactional Data.

4.        Mastercard's practices of monetizing its customers' names and likenesses for commercial purposes without their consent is not only unlawful, but also dangerous because it allows any member of the public willing to purchase or rent this data to target particular customers, including vulnerable members of society, using their identities, interests and other demographic data.  For example, anyone could buy or rent a list that contains the names, addresses, and other Personal Identifying Transactional Data of all Christian women over the age of 50 who reside in South Dakota, earn over $100,000 per year, and purchased a plane ticket with a MasterCard in the past six months.  Such a list is available for sale or rental on the open market for approximately $165.00 per thousand customers listed.

5.        So while Mastercard profits handsomely from the use of its customers' names, likenesses, and other personal identifying attributes in this way, it does so at the expense of its customers' statutory rights of publicity.  Accordingly, Plaintiff brings this Class Action Complaint against Mastercard for its plainly unlawful use of its customers' names and likenesses in reckless disregard of Plaintiff's and the Class' statutorily protected rights under the SDRPL.

## **PARTIES**

6.        Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of South Dakota.  During the time period relevant to this action, Plaintiff used a MasterCard card (or cards) to make purchases while residing in, being a citizen of, and physically being present in, South Dakota.

7.      Defendant Mastercard Inc. is a Delaware corporation that maintains its headquarters and principal place of business in Purchase, New York.  Mastercard is a technology company in the global payments industry that enables the use of electronic forms of payment, including credit and debit cards, by consumers, financial institutions, merchants, governments, digital partners, businesses, and other organizations worldwide.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Mastercard.

9.      The Court has personal jurisdiction over Mastercard because Mastercard maintains its corporate headquarters and principal place of business in Purchase, New York.

10.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because Mastercard is subject to personal jurisdiction in this judicial District, because Mastercard resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## THE SDRPL

11.      The SDRPL prohibits any person from, *inter alia*, using any aspect of an individual's name or likeness in connection with a product, merchandise, good, service, or commercial activity.  Specifically, the SDRPL states, in pertinent part:

> No person may use any aspect of a personality's right of publicity for a commercial purpose during the personality's lifetime or for seventy years after the death of the personality without the express written consent of the personality, or if the personality is deceased without the express written consent of the personality's next of kin or other person or entity that owns the right of publicity.

S.D. CODIFIED LAWS §21-64-2.

12.     The term "personality" means a "person who is a citizen of this state, or who died domiciled in this state whose name, voice, signature, photograph, image, likeness, distinctive appearance, gesture, or mannerism identifies a specific person and has commercial value, whether or not the person uses or authorizes the use of the person's rights of publicity for a commercial purpose that serves to identify a specific person." *See* S.D. CODIFIED LAWS §21-64-1(2).  The term "right of publicity" means "a personality's property interest in the personality's name, voice, signature, photograph, image, likeness, distinctive appearance, gesture, or mannerism."  S.D. CODIFIED LAWS §21-64-1(3).  And the term "commercial purpose" is defined as, *inter alia*, "the use of an aspect of a personality's right of publicity in connection with a product, merchandise, goods, service, or commercial activity."  S.D. CODIFIED LAWS §21-64-1(1).

13.     The SDRPL provides for both injunctive relief and damages (actual or statutory, whichever is greater) to a prevailing plaintiff.  *See* S.D. CODIFIED LAWS §21-64-5.  With respect to statutory damages, the statute provides for "[d]amages in the amount of one thousand dollars," subject to trebling to $3,000.00 if the court finds a violation "was knowing, willful, or intentional." *See* S.D. CODIFIED LAWS §§21-64-5(2) & (4).

## MASTERCARD DIRECTLY VIOLATES THE SDRPL

14.     Mastercard maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personal identifying information, including highly sensitive Personal Identifying Transactional Data.

15.     Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on which all of its customers' names, addresses, and other Personal Identifying Transactional Data appear.  Mastercard has sold and rented (and continues to sell and rent) these

lists on the open market to anyone willing to pay for them, including on a regular basis to data miners, aggregators, appenders, and cooperatives, and aggressive marketing companies, among others.

16.    As a result of Mastercard's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from Mastercard on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appear. Mastercard's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

17.    Mastercard does not seek its customers' prior consent (written or otherwise) to any of these practices, and its customers remain unaware that their names, addresses, and other Personal Identifying Transactional Data (as well as various other categories of sensitive personal identifying information) are used by Mastercard on or in connection with the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

18.    Mastercard uniformly fails to obtain consent from — or even provide effective notice to — its customers before engaging in the practices described herein.

19.    By and through these actions, Mastercard has used Plaintiff's and all of its other customers' names and likenesses, which have commercial value, on or in, or in connection with products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the SDRPL.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

21.    Plaintiff seeks to represent a class comprised of and defined as follows:

All South Dakota residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold or rented, or offered for sale or rental, by Mastercard (the "Class").

22.    Members of the Class are so numerous that their individual joinder herein is impracticable.   On information and belief, the members of the Class number in the tens of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the records of Mastercard.

23.    Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.  Legal and factual questions common to the Class include, but are not limited to: (a) whether the mailing lists that Mastercard sold and rented, and its practices of selling and renting such lists, on the open market to various third parties, are "products, merchandise, goods, services, or commercial activities" within the meaning of the SDRPL; (b) whether Mastercard used Plaintiff's and the Class members' "name[s]" or "likeness[es]", and whether those names or likenesses identify a specific person and have commercial value, and thus constitute "personalities," in connection with the mailing lists that it sells and rents; (c) whether Mastercard obtained prior "express written consent" from Plaintiff and the Class members to use their "rights of publicity" in connection with the sale and rental of such mailing lists and/or its practices of selling and renting such lists; (d) whether Mastercard's practices of selling and renting such mailing lists violated the SDRPL; (e) whether Mastercard's violations of the SDRPL were knowing, intentional, or willful; and (f) the appropriate amount of damages to which Plaintiff and the Class members are entitled as a result of Mastercard's violations of the SDRPL.

24.    The claims of the Plaintiff are typical of the claims of the other members of the Class in that the named Plaintiff and the members of the Class were injured and sustained damages

by Mastercard's uniform wrongful conduct, based upon Mastercard's practices of using Plaintiff's and Class members' names, likenesses, and other personal identifying attributes on or in connection with the mailing lists it sold and rented (and its sales and rentals of such lists) to third parties on the open market.

25.    Plaintiff is an adequate representative of the Class because none of Plaintiff's interests conflict with the interests of the other members of the Class that she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

26.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Mastercard's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Mastercard's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

## CLAIM FOR RELIEF
### Violation of South Dakota's Right of Publicity Law, S.D. CODIFIED LAWS §21-64-1, *et seq.*
### (By Plaintiff Individually and on Behalf of the Class)

27.    Plaintiff repeats and incorporates herein the allegations in paragraphs 1-26 above.

28.     Plaintiff brings this claim individually and on behalf of members of the above-defined Class against Mastercard.

29.     Plaintiff and each Class member has a "right of publicity," a property interest, in his or her "name[s]" and "likeness[es]" within the meaning of the SDRPL.  *See* S.D. CODIFIED LAWS §21-64-1(3).

30.     Mastercard is a corporation and thus a juridical "person" within the meaning of the SDRPL.  *See* S.D. CODIFIED LAWS §21-64-2.

31.     Plaintiff, a resident of South Dakota, used a MasterCard card (or cards) to make purchases.  Each member of the Class is likewise a resident of South Dakota and used MasterCard cards to make purchases.

32.     "Lorraine Kenter," which Mastercard used on the mailing lists that it has sold and rented (and continues to sell and rent), is the "name" that specifically identifies Plaintiff.  *See* S.D. CODIFIED LAWS §21-64-1(2).  Plaintiff is a person and a citizen of the state of South Dakota whose name and likeness has commercial value; Plaintiff is thus a "personality" within the meaning of the SDRPL.  *See id.*

33.     Likewise, each of the Class members is a citizen of the state of South Dakota whose name and likeness have commercial value; each member of the Class is thus a "personality" within the meaning of the SDRPL.  *See id.*

34.     At no time before or at the time Plaintiff used a MasterCard card (or cards) to make purchases did Mastercard notify Plaintiff that it would use her "property interest in [her] name . . . [or] likeness" in connection with "a product, merchandise, goods, service, or commercial activity" by using her name, likeness, and other Personal Identifying Transactional Data on or in connection with the mailing lists that it sold and rented.  *See* S.D. CODIFIED LAWS §§21-64-1 & 21-64-3.

9

Plaintiff has never provided "express written consent" to Mastercard to use her "property interest in [her] name . . . [or] likeness" for "commercial purposes" in this way. *See* S.D. CODIFIED LAWS §§21-64-1(3) & 21-64-2.

35.    Mastercard likewise failed to notify any of its other customers, including the members of the Class, that it would use their "property interest[s] in [their] name[s] . . . [or] likeness[es]" in connection with "a product, merchandise, goods, service, or . . . commercial activity" by using their names, likenesses, and other Personal Identifying Transactional Data on or in connection with the mailing lists that it sold and rented. *See* S.D. CODIFIED LAWS §§21-64-1(1) & 21-64-1(3). And none of the members of the Class provided their "express written consent" to Mastercard to use their "property interest[s] in [their] name[s] . . . [or] likeness[es]" for "commercial purpose[s]" in this way. *See* S.D. CODIFIED LAWS §§21-64-1(3) & 21-64-2.

36.    After Plaintiff used a MasterCard card (or cards) to make purchases, and during the relevant statutory period, Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented mailing lists containing Plaintiff's name, likeness, and other Personal Identifying Transactional Data to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining Plaintiff's express written consent or even giving her prior notice of its use of her name, likeness, and other personally identifying attributes in this way.

37.    Likewise, during the statutory period relevant to this action, Mastercard sold and rented mailing lists containing the names, likenesses, and other Personally Identifying Transactional Data of the members of the Class to various third parties, including to data

10

aggregators, data appenders, data cooperatives, and others, without first obtaining express written consent to these practices from, or even providing prior notice to, any of these individuals.

38.    Significant commercial value exists in the aspects of Plaintiff's and the other Class members' likenesses that Mastercard used and continues to use in connection with its sales and rentals of its mailing lists.

39.    Mastercard's sale and rental of mailing lists containing Plaintiff's and the other Class members' names, likenesses, and other Personally Identifying Transactional Data on the open market to anyone interested in purchasing them constituted the use of the "an[] aspect of" the "right[s] of publicity" of Plaintiff and each of the other Class members for "commercial purpose[s]" within the meaning of the SDRPL. *See* S.D. CODIFIED LAWS §21-64-2.

40.    Mastercard failed to obtain the "express written consent" of Plaintiff or any other Class member prior to using "an[] aspect of [their] right[s] of publicity for . . . commercial purpose[s]" in the manner alleged herein. *See id.*

41.    By and through these actions, Mastercard used "an[] aspect of" Plaintiff's and the Class members' "right[s] of publicity for a commercial purpose . . . without [their] express written consent," in direct violation of the SDRPL. *See id.*

42.    Mastercard's nonconsensual use of Plaintiff's and the Class members' rights of publicity for commercial purposes did not constitute "the use of [a] personality's name . . . [or] likeness" in any "[l]iterary work," "[m]aterial that has political or newsworthy value," or an "[a]dvertisement of commercial announcement" for any use permitted by §21-64-6, nor did it constitute "the use of a[ny] personality's name, voice, signature, photograph, image, likeness, distinctive appearance, gesture, or mannerism in connection with a broadcast or reporting of an event or a topic of general or public interest." *See* S.D. CODIFIED LAWS §§21-64-6 & 21-64-8.

11

43.     Mastercard knowingly, intentionally, and willfully used Plaintiff's and the other Class members' rights of publicity for commercial purposes in connection with the subject mailing lists and its sales and rentals of such lists in the manner alleged herein. Indeed, during the time period relevant to this action, Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), directed and oversaw the compilation and assembly of the subject mailing lists from its customer database, the use of Plaintiff's and the other Class members' names, likenesses, and other Personal Identifying Transactional Data in connection with such mailing lists, the advertising of such mailing lists and the ability to rent such lists on the open market, and the actual sales and rentals of such mailing lists to various third parties. Plaintiff is informed and believes that Mastercard reaped significant monetary profits through its sales and rentals of mailing lists on or in which Plaintiff's and the other Class members' names and likenesses appeared. Plaintiff is also informed and believes that Mastercard was aware of the existence of and the rights afforded under South Dakota's SDRPL and the various other states' and territories' right of publicity statutes, and understood and appreciated that its conduct, as alleged herein, was and continues to be undertaken in violation of said statutes. Mastercard has nonetheless refused to cease using its customers' (including its South Dakota customers') names, likenesses, and other Personal Identifying Transactional Data for commercial purposes without their express written consent in the manner described herein.

44.     Plaintiff and the members of the Class have been injured from the violations of their rights of publicity in the manner described herein. On behalf of herself and the members of the Class, Plaintiff seeks: (1) statutory damages of $1,000.00 to Plaintiff and each Class member (or of $3,000.00 per violation of the SDRPL that the Court finds was knowing, willful or intentional)

pursuant to S.D. CODIFIED LAWS §§21-64-5(2) & (4); (2) a declaration that Mastercard's conduct described herein violates the SDRPL; (3) an injunction prohibiting Mastercard from further using Plaintiff's and the Class members' rights of publicity in connection with the mailing lists that it sells and rents, and requiring Mastercard to obtain prior express written consent from South Dakota customers prior to doing so in the future, pursuant to S.D. CODIFIED LAWS §21-64-5(1); and (4) costs and reasonable attorneys' fees to Plaintiff's and the Class's counsel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant Mastercard Inc. as follows:

A.      For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B.      For a declaration that Mastercard's conduct described herein violates the SDRPL;

C.      For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D.      For an injunction prohibiting Mastercard from further using Plaintiff's and the Class members' rights of publicity in connection with the mailing lists that it sells and rents, and requiring Mastercard to obtain prior express written consent from Plaintiff and members of the Class prior to doing so in the future, pursuant to S.D. CODIFIED LAWS §21-64-5(1);

E.      For an award of statutory damages of $1,000.00 to Plaintiff and each Class member (or of $3,000.00 per violation of the SDRPL that the Court finds was knowing, willful or intentional) pursuant to S.D. CODIFIED LAWS §§21-64-5(2) & (4);

13

F.   For an order awarding counsel for the Plaintiff and the Class their

reasonable attorneys' fees and expenses and costs of suit; and

G.   For prejudgment interest on all amounts awarded.

## JURY DEMAND

Plaintiff, on behalf of herself and members of the Class, demands a trial by jury on all

causes of action and issues so triable.

Dated: November 30, 2021                    Respectfully submitted,

**HEDIN HALL LLP**

  s/ Arun G. Ravindran
Arun G. Ravindran
aravindran@hedinhall.com
Frank S. Hedin*
fhedin@hedinhall.com
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV
tlaughlin@scott-scott.com
Jonathan M. Zimmerman*
jzimmerman@scott-scott.com
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax.: (212) 223-6334

*\* Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiffs and the Putative Class*

14